Ronald L. MOELIS and Herbert I. Moelis, on behalf of themselves and all those similarly situated, Plaintiffs,

v.

SCHWAB SAFE CO., INC., Defendant.

No. 89 Civ. 1009(MEL).

United States District Court,
S.D. New York.

Feb. 27, 1989.

Richard J. Tabacco, Jr., Richard J. Schrager, Jr., Jared Stamell, New York City, for plaintiffs.

Sidley & Austin, New York City, for defendant; Alan M. Unger, David C. Campbell, Joseph M. Scodro, Bingham Summers Welsh & Spilman, Indianapolis, Ind., of counsel.

LASKER, District Judge.

Ronald L. Moelis and Herbert I. Moelis brought this suit as a class action in New York Supreme Court on behalf of themselves and all other shareholders of

Schwab Safe Co., Inc. ("Schwab"), an Indiana corporation. Pursuant to 28 U.S.C. § 1441, Schwab removed the case to this court on February 14, 1989; it later moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(6) and 12(b)(7) or in the alternative to transfer this case to the Northern District of Indiana. The Moelises move to remand the action to the state court based on this court's alleged lack of subject matter jurisdiction.

The complaint seeks to enjoin a proposed merger between Schwab and NMH Corp. ("NMH"), a corporation formed and controlled by four officers of Schwab. The Moelises allege that the bidding process established and directed by Schwab's Board of Directors improperly favored NMH over other bidders who submitted better offers, including Microfilm Products Co., which is owned by the Moelises; in so doing Schwab breached fiduciary duties owed to the plaintiffs. For the reasons discussed below, the motion to remand is denied and Schwab's motion to transfer is granted.

### I.

In their motion to remand to the New York Supreme Court based on lack of subject matter jurisdiction, the Moelises argue that removal by Schwab was improper because Schwab cannot show that each class member satisfies the $10,000 jurisdictional amount in controversy requirement of 28 U.S.C. § 1332 necessary to confer federal jurisdiction. *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (each individual class member in a Fed.R.Civ.P. 23(b)(3) class action must satisfy the jurisdictional amount). The Moelises assert that because Ronald Moelis and other unnamed members of the class each own shares valued at far less than $10,000, the jurisdictional amount can not be satisfied as to those plaintiffs.

Schwab responds that the case is not properly a class action (even if so described by the Moelises), but rather a deriv-

ative action, and that accordingly *Zahn* is inapposite and the jurisdictional amount of $10,000 has been met. According to Schwab, shareholders can maintain an individual or class action only if they can show that they have been injured in a way that is not common to all shareholders. As the court stated in *Edgeworth v. First Nat'l Bank of Chicago*, 677 F.Supp. 982, 991 (S.D.Ind.1988):

> Hornbook corporations law precludes an individual shareholder from maintaining an action for wrongs affecting the whole body of the corporation's stock or property. Rather, a shareholder must seek recovery derivatively on behalf of the corporation (and its stockholders indirectly) pursuant to Fed.R.Civ.P. 23.1.

Schwab is correct that where, as here, plaintiffs allege a breach of fiduciary duty to all shareholders, the action can only be maintained derivatively. *See Enterra Corp. v. SGS Associates*, 600 F.Supp. 678, 689 (E.D.Pa.1985) ("an alleged breach of fiduciary duty on the part of the directors which is asserted on behalf of all shareholders or the entire corporation (whereby each shareholder suffers an indirect loss in common with other shareholders) must be maintained as a derivative action and cannot be asserted by individual shareholders in their own right.").

The Moelises allege that Schwab's failure to obtain the highest price for its stock in choosing among merger bidders caused each plaintiff individual injury. They contend that *Kramer v. Western Pacific Industries*, 546 A.2d 348, 354 (Del.1988) held that "the distinction between a derivative action and an individual action turned on whether the plaintiff suffered individual injury such as in a situation where a merger was proposed or consummated at an 'unfair price.' " [1] However, *Kramer* did not hold, as plaintiffs maintain, that suits involving fair dealing or fair price are a category of actions that may always be brought as individual actions. *Kramer* states:

---

**1.** Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss at 14 (Feb. 23, 1989).

As recognized by this court in [*Cede v. Technicolor*, 542 A.2d 1182 (Del.1988)], direct attacks against a given corporate transaction (attacks involving fair dealing or fair price) give complaining shareholders standing to pursue individual actions even after they are cashed out through the effectuation of a merger. 546 A.2d at 354. *Cede* makes clear that the above passage is correctly interpreted to mean that a shareholder who may challenge a given corporate transaction (such as the challenged merger in this case) by instituting a derivative suit may later bring an action individually *after* he loses his shareholder status. In *Cede* the court stated:

> The fundamental distinction between derivative and individual claims is well established: "Generally speaking, a wrong to the incorporated group as a whole that depletes or destroys corporate assets and reduces the value of the corporation's stock gives rise to a derivative action; a breach of an individual shareholder's membership contract or some other interference with the rights that are traditionally viewed as incident to the individual's ownership of stock gives rise to a non-derivative, or direct, action by the injured shareholder."

542 A.2d at 1188, n. 10 (quoting D. Block, N. Barton & S. Radin, *The Business Judgment Rule: Fiduciary Duties of Corporate Directors and Officers* 216 (1987)). Here the wrong the Moelises allege is a wrong to all shareholders or, more accurately stated, to the corporation. If Schwab received less than it should have in the merger agreement, corporate assets would be reduced. Thus, this action must be regarded as a derivative suit.[2]

In sum, because the suit is not a class action, *Zahn* is not applicable and this court has diversity jurisdiction because the amount in controversy is clearly more than $10,000. Accordingly, the motion to remand is denied.

## II. The Motion To Dismiss or Transfer

Schwab moves to dismiss the complaint on three grounds: lack of personal jurisdiction, failure to join indispensable parties, and failure to state a claim upon which relief can be granted. As to the latter ground Schwab makes three arguments: The corporation owes no legal duty to the shareholders; this action was improperly commenced as a class action and cannot meet the Indiana statutory requirements for derivative actions; and no cognizable claim exists here absent allegations that the corporate director's breach of duty constituted willful misconduct or recklessness under governing Indiana law.

Schwab's claim that personal jurisdiction is lacking depends on whether, under section 301 of New York Civil Practice Law and Rules ("CPLR"), Schwab "engages in a continuous and systematic course of doing business in New York." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985). This determination will require discovery and further documentation. The motion is not in a posture for present decision.

██ No such factual inquiry is required to rule on Schwab's alternative motion to transfer this case to the Northern District of Indiana. It is obvious that under 28 U.S.C. § 1404(a)[3] transfer will be most convenient for the parties and the potential witnesses—most of whom reside in Indiana.[4] Indeed, at oral argument counsel for the Moelises appeared to concede that transfer on this basis would be appropriate.

An additional ground for transfer is that Schwab's arguments for dismissal for failure to state a claim involve Indiana law. The merger agreement was made in Indiana and by its terms is governed by

---

2. Only if the Moelises dissent to the merger and sell their Schwab stock can they then bring an individual action challenging the fairness of the merger.

3. 28 U.S.C. § 1404(a) states:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

4. Schwab is incorporated and has its principal executive offices in Lafayette, Indiana and all but one Schwab director reside in Indiana.

Indiana law. Moreover, Chief Judge Alan Sharp of the Northern District of Indiana has already heard testimony in an action that Schwab instituted against the Moelises to enjoin them from litigating this action. In the instant case the Moelises will not suffer substantial inconvenience by litigating the action in Indiana, where they have already appeared as defendants in the related action brought by Schwab. In light of the above circumstances, the convenience of the parties and witnesses and the interests of justice will be served by transfer.

Decision on the motion to dismiss is declined because its determination will be based, at least in part, on questions of Indiana law which ought to be ruled on by the transferee court.

\* \* \* \* \* \*

The motion to remand to state court is denied. The motion to transfer this action to the Northern District of Indiana is granted and the Clerk of the Court is ordered to transfer the file of this case to the Northern District of Indiana forthwith.

It is so ordered.